```
10 CIV 3775
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
FIRST AMERICAN INTERNATIONAL BANK   :
                                       Civil Action No.
               Plaintiff,         :

               - against -       :  **NOTICE OF REMOVAL**

THE COMMUNITY'S BANK               :

               Defendant.        :
----------------------------------- x

TO: **THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

       PLEASE TAKE NOTICE that The Community's Bank, the sole defendant in the above-entitled action, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the Supreme Court of the State of New York, County of New York, to the United States Court for the Southern District of New York. The grounds for removal are set forth below.

       1.       This action was commenced on March 31, 2010 by the filing of a Summons and Complaint in the Supreme Court of the State of New York, County of New York. Defendant was personally served on April 9, 2010 at its offices located at 211 State Street, Bridgeport, Connecticut. (A copy of the Summons and Complaint is attached hereto as **EXHIBIT A**.)

       2.       This Notice of Removal is timely because it is filed within thirty days of service on the defendant of the Summons and Complaint. See 28 U.S.C. § 1446(b).

       3.       As explained below, this Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332. Moreover, this is an action that may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. §

1441(b).

4. The action may be removed to this Court because it is a civil action other than one specified in 28 U.S.C. § 1445, brought in the Supreme Court of the State of New York, County of New York, wherein the matter exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5. On information and belief, plaintiff First American International Bank is a New York corporation with its principal offices in Brooklyn, New York.

6. Defendant The Community's Bank is a Connecticut corporation with its principal offices at 211 State Street, Bridgeport, Connecticut.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Supreme Court of the State of New York, County of New York and served upon plaintiff.

WHEREFORE, The Community's Bank, the sole defendant in the above-entitled action, respectfully removes this action from the Supreme Court of the State of New York, County of New York, (Docket No. 10600815), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: New York, New York
May 7, 2010

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
Peter C. Harvey

1133 Avenue of the Americas
New York, N.Y. 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
*Attorney for Defendant*
*The Community's Bank*

2

3939785v.1

TO: Barry Black, Esq.
GALLET DREYER & BERKEY, LLP
845 Third Avenue
New York, N.Y. 10022
(212) 935-3131
*Attorney for Plaintiff*
*First American International Bank*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
FIRST AMERICA INTERNATIONAL BANK

                       Plaintiff,

-against-

THE COMMUNITY'S BANK,

                       Defendant.
-------------------------------------------------------------x

Index No.
Filed:

**SUMMONS**

Plaintiff designates
New York County
as the place of trial
The basis of venue is
Place where cause arose
Plaintiff resides at
845 Third Avenue
New York, NY 10022

10600815

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        March 30, 2010

GALLET DREYER & BERKEY, LLP

By: _____
    Barry Black
Attorneys for Plaintiff
845 Third Avenue
New York, NY 10022
(212) 935-3131

Defendant's address:
The Community's Bank
211 State Street
Bridgeport, CT 06604

FILED
MAR 31 2010
COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
FIRST AMERICA INTERNATIONAL BANK                Index No.

                       Plaintiff,

      -against-                                     **VERIFIED COMPLAINT**

THE COMMUNITY'S BANK

                       Defendant.                    10600815
-----------------------------------------------------------------X

      Plaintiff, by its attorneys, Gallet, Dreyer & Berkey, LLP, for its Complaint, alleges as follows upon information and belief:

      1. Plaintiff First American International Bank ("First American") is a domestic corporation with its principal offices located within the County of Kings, State of New York.

      2. Defendant the Community's Bank ("Community's Bank") is a Connecticut corporation doing business in the County of New York, State of New York.

      3. On or about December 29, 2008 Community's Bank's Vice President, Thomas DiMaio, personally came to New York County, New York State, to view certain properties that were the subjects of certain First American loans in which Community's Bank sought to participate ("Loans").

      4. On December 30, 2008, Community's Bank agreed to participate in such Loans and signed four Loan Participation Agreements ("Participation Agreements").

      5. On December 30, 2008 First American and Community's Bank entered into four separate written agreements ("Award Agreements") in which Community's Bank agreed (1) to apply for a federal Bank Enterprise Award ("Award") based upon the Loans and, (2) if such an Award were granted, to share 50% of such an Award with First American.

      6. On or about August 20, 2009, Community's Bank was granted such an Award for $432,000.

      7. On or about September 30, 2009, Community's Bank did receive such an Award for $432,000.

8. In or about November 2009, Community's Bank notified First American that, based upon an "opinion letter" by an attorney that Community's Bank had retained, it did not intend to honor the Award Agreements and would not pay to First American its 50% share of the Award equaling $216,000.

9. Following Community's Bank's notice that it did not intend to fulfil the terms of its Award Agreements with First American, First American made numerous written demands upon Community's Bank.

10. Despite all such demands, Community's Bank has wrongfully refused to comply with its contractual obligations under the Award Agreements.

11. By reason of the foregoing, First American has been damaged in the amount of $216,000.

**WHEREFORE**, plaintiff demands judgment in the amount of $216,000 and such other and further relief as may be deemed just, together with the costs of this action.

Dated: New York, New York
March 18, 2010

GALLET DREYER & BERKEY, LLP

By: _____
Barry Black
Attorneys for Plaintiff
845 Third Avenue, 8th Floor
New York, NY 10022
(212) 935-3131

-2-

Supreme Court Records OnLine Library - page 3 of 5

## CORPORATE VERIFICATION

STATE OF NEW YORK    )
                                        ss.:
COUNTY OF NEW YORK  )

Alfonso Lau, being duly sworn, deposes and says: I am the President of the Plaintiff corporation, First American International Bank, a domestic corporation and a party in the within action; I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters I believe them to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

_____
Alfonso Lau, President

Sworn to before me this
19th day of March, 2010.

_____
Notary Public

OI W. CHEUNG
Notary Public, State of New York
Registration #01CH6138325
Qualified In Queens County
Commission Expires Dec. 19, 2017

ORIGINAL

Index No.:

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

**FIRST AMERICA INTERNATIONAL BANK,**

Plaintiff,

-against-

**THE COMMUNITY'S BANK,**

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**GALLET DREYER & BERKEY, LLP**
**Attorneys for Plaintiff**
845 Third Avenue - 8th Floor
New York, NY 10022-6601
(212) 935-3131

Dated: New York, New York
March 30, 2010

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Signature _____
Michelle P. Quinn

Service of a copy of the within is hereby admitted.
Dated:

_____
Attorney(s) for

**PLEASE TAKE NOTICE**

[ ] that the within is a (certified) true copy of a
    entered in the office of the clerk of the within named Court on         20

[ ] that an Order of which the within is a true copy will be presented for settlement to the Hon.    one of the judges of the
within named Court,
    at                                                                        on                      20  , at
                                                                              M.