UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FIRST AMERICAN INTERNATIONAL BANK : 10 CV 3775 (JGK)

    Plaintiff,

v. : **AFFIDAVIT OF**
: **ORVILLE G. AARONS**

THE COMMUNITY'S BANK

    Defendant.
------------------------------------x

ORVILLE G. AARONS, being duly sworn, deposes and says:

1. I am the Executive Vice President of The Community's Bank, the sole defendant in this proceeding, and respectfully submit this Affidavit in support of The Community's Bank's motion to dismiss the Complaint of plaintiff First American International Bank ("First American") in its entirety. I make this Affidavit based upon personal knowledge of the facts set forth herein.

2. In December 2008, Patrick Yau, the Executive Director of First American sent an e-mail to Peter Hurst, the President and Chief Executive Officer of The Community's Bank inquiring into whether The Community's Bank would be interested in participating in certain loans that First American had originated. (A true copy of the December 2008 e-mail from Patrick Yau is attached hereto as **EXHIBIT A.**)

3. Mr. Yau stated to Mr. Hurst that these loans met the criteria to apply for the Bank Enterprise Award Program administered by the Community Development Financial Institutions Fund ("CDFIF"), a branch of the United States Department of the Treasury.

4. On information and belief, First American could not itself use these loans to apply to the Bank Enterprise Award Program because it had already received the maximum financial award based on other loans it exclusively held.

5. In December 2008, representatives of the two banks held several meetings to discuss loan participation and The Community's Bank's application to the Bank Enterprise Award Program. Al Lau, President of First American, and I led the discussions for our respective organizations.

6. On December 30, 2008, The Community's Bank and First American executed four loan-participation agreements for each of the loans that First American was, at that time, holding exclusively. These loans allowed The Community's Bank to apply for the maximum award given through the Bank Enterprise Award Program. (True copies of the loan-participation agreements are attached hereto as **EXHIBIT B**.)

7. At the time First American and The Community's Bank entered into the loan-participation agreements, we concurrently executed four letter agreements regarding The Community's Bank's application for a Bank Enterprise Award. (True copies of the four letter agreements, dated December 30, 2008, respectively, as executed by the parties, are attached hereto as **EXHIBIT C**.) The letter agreements provided that The Community's Bank would apply for a Bank Enterprise award and would share 50% of the amount awarded with First American, unless doing so violated the award's rules and regulations or federal or local law. (See agreements dated December 30, 2008 at **EXHIBIT C**.)

8. First American drafted the letter agreements because it had substantial experience with the Bank Enterprise Award Program. The Community's Bank refused to enter

2

into the letter agreements unless they provided that award sharing would be required only if permitted under the rules and regulations of the agreement and federal and local law.

9. In accordance with its obligations under the letter agreements, on March 12, 2009, The Community's Bank applied for a Bank Enterprise award.

10. On August 20, 2009, I received a letter from the United States Department of the Treasury notifying me that The Community's Bank had been selected to receive a 2009 Bank Enterprise Award. The Department of the Treasury awarded $432,000 to The Community's Bank. (A true copy of the August 20, 2009 letter from Ms. Donna Gambrell of the U.S. Department of Treasury is attached hereto as **EXHIBIT D.**)

11. The Department of the Treasury conditioned receipt of the award on The Community's Bank (1) signing a notice of award and (2) agreeing to the terms and conditions of the award and award agreement. (**EXHIBIT D.**) The Community's Bank promptly signed and returned the notice of award and agreed to abide by the above-referenced terms and conditions.

12. The terms and conditions of the Bank Enterprise award were provided in various documents, including the Bank Enterprise Award Program General Award Terms and Conditions, Bank Enterprise Award Program Award Agreement, and CDFI Fund Notice of Award: General Terms and Conditions. (The above-referenced documents are attached hereto as **EXHIBITS E, F, AND G**, respectively.)

13. It appeared to me that Article 8.3 of the Bank Enterprise Award Program General Award Terms and Conditions required The Community's Bank to obtain the consent of the CDFIF before it could share its award with First American. (**EXHIBIT E** at Article 8.3.) I, on behalf of the bank, sought to obtain an answer to this open question regarding sharing the award with First American.

3978219v.2

14. The Community's Bank took several steps to determine if it could share the award with First American. Shortly after receiving the award, The Community's Bank retained and consulted with an attorney with significant experience with the Bank Enterprise Award Program to advise if the CDFIF would permit The Community's Bank to share its award with First American.

15. Additionally, The Community's Bank contacted the CDFIF for clarification and guidance regarding whether or not we could share the award with First American. In a letter of March 25, 2010 our counsel, Ms. Patricia Anderson, wrote to the CDFIF inquiring if it was permissible for The Community's Bank to share its award with First American. (A true copy of the March 25, 2010 Letter from Ms. Patricia Anderson is attached hereto as **EXHIBIT H**.)

16. On April 19, 2010, the United States Department of the Treasury responded to Ms. Anderson's letter and notified The Community's Bank that it was prohibited from sharing its award with First American. (A true copy of the April 19, 2010 letter from Ms. Jodie Harris of the United States Department of Treasury is hereto as **EXHIBIT I**.)

17. Based on the notice sent by The Department of the Treasury to us, the bank did not share its award with First American. This decision was consistent with the December 30, 2008 letter agreements between The Community's Bank and First American, which provided that award sharing was required unless doing so violated the award's rules and regulations, or federal or local law.

_____
ORVILLE G. AARONS

Sworn to before me this
/3_th day of May, 2010

_____
Notary Public

**MICHELLE M. MARGAITIS**
**NOTARY PUBLIC OF CONNECTICUT**
**My Commission Expires 12/31/2014**

5

3978219v.2